UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAMS,
    Plaintiff,
vs.

RC EQUITY LLC and MASSTER REST. CORP.,
    Defendants.

## COMPLAINT

Plaintiff, JOSHUA ADAMS ("Plaintiff"), by his undersigned counsel, hereby files this Complaint against Defendants, RC EQUITY LLC and MASSTER REST. CORP. ("Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"). This matter concerns Plaintiff's visits to a restaurant located at 284 Hudson Street, New York, New York 10013, TAURO RESTAURANT, wherein Plaintiff encountered several barriers which have and will deter him from visiting the restaurant in the future. Plaintiff's past visit and his desire to return are fully set forth herein.

## JURISDICTION

**1.**  This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.**  Plaintiff currently resides in the Brooklyn, New York.

**3.**  Plaintiff was born with spina bifida and Hydrocephalus, and as a result is bound to ambulate in a wheelchair. He is a qualified individual with disabilities under the ADA.

1

4.      Plaintiff visited the subject property located at 284 Hudson Street, New York, New York 10013 (the "Facility") to enjoy the goods and services offered therein and encountered barriers to access.  Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein.  However, his access to the Facility continues to be denied and/or substantially limited.  His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5.      Defendant, RC EQUITY LLC, transacts business in the State of New York and within this judicial district. Defendant, RC EQUITY LLC, is the owner and/or lessor, of the real property located at 284 Hudson Street, New York, New York 10013 where the restaurant known as TAURO RESTAURANT is located (the "Facility").

6.      Defendant MASSTER REST. CORP. transacts business in the State of New York and within this judicial district. Defendant, MASSTER REST. CORP. is the lessee of the Facility located at 284 Hudson Street, New York, New York 10013 and the owner and/or operator of a restaurant known as TAURO RESTAURANT (the "Facility").

7.      The Facility is a place of public accommodation under the ADA.

8.      Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9.      The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10. The removal of the alleged barriers can be accomplished without much difficulty or expense.

11. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff visited the Facility multiple times in 2022 and most recently on January 15, 2024 to access the Facility to enjoy the delicious breakfast items, and eclectic Latin specialties, but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13. Plaintiff frequents this neighborhood often and specifically intends to visit the Facility this summer. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants removes the barriers, including those set forth in the Complaint at Paragraph 15 below.

14. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

I. Inaccessible entrance.

II.     Accessible route to establishment not provided as required. Accessible means of egress not provided as required. Existing step at entrance acts as a barrier to accessibility. Required ramp not provided for step at entrance.

> ADAAG 206 Accessible Routes.
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 207 Accessible Means of Egress.
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 402 Accessible Routes.
> ADAAG 402.1 General.
> Accessible routes shall comply with 402.
> ADAAG 402.2 Components.
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
> ADAAG 403 Walking Surfaces.
> ADAAG 403.4 Changes in Level.
> Changes in level shall comply with 303
> ADAAG 303.4 Ramps.
> Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

III.     Required minimum maneuvering clearance not provided at entrance door.

IV.     Non-compliant change in floor level within required maneuvering clearance at entrance door.

> ADAAG 206 Accessible Routes.
> ADAAG 206.1 General.

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

ADAAG 206.2 Where Required.

Accessible routes shall be provided where required by 206.2.

ADAAG 206.2.1 Site Arrival Points.

At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

ADAAG 206.4 Entrances.

Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

ADAAG 206.4.1 Public Entrances.

In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.

ADAAG 207 Accessible Means of Egress.

ADAAG 207.1 General.

Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)

ADAAG 404.2.4 Maneuvering Clearances.

Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

ADAAG 404.2.4.4 Floor or Ground Surface.

Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

**Table 404.2.4.1**

**Maneuvering Clearances at Manual Swinging Doors and Gates**

| Type of Use | | Minimum Maneuvering Clearance | |
|---|---|---|---|
| **Approach Direction** | **Door or Gate Side** | **Perpendicular to Doorway** | **Parallel to Doorway** (beyond latch side unless noted) |
| From front | Pull | 60 inches (1525 mm) | 18 inches (455 mm) |
| From front | Push | 48 inches (1220 mm) | 0 inches (0 mm)1 |
| From hinge side | Pull | 60 inches (1525 mm) | 36 inches (915 mm) |
| From hinge side | Pull | 54 inches (1370 mm) | 42 inches (1065 mm) |
| From hinge side | Push | 42 inches (1065 mm)2 | 22 inches (560 mm)3 |
| From latch side | Pull | 48 inches (1220 mm)4 | 24 inches (610 mm) |
| From latch side | Push | 42 inches (1065 mm)4 | 24 inches (610 mm) |

5

1. Add 12 inches (305 mm) if closer and latch are provided.
2. Add 6 inches (150 mm) if closer and latch are provided.
3. Beyond hinge side.
4. Add 6 inches (150 mm) if closer is provided.

V. Inaccessible dining counter.

VI. Required minimum clear floor space allowing a forward approach not provided at dining counter.

> ADAAG 226 Dining Surfaces and Work Surfaces.
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 305.3 Size.
> The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

VII. Inaccessible dining tables.

VIII. Required minimum knee and toe clearance not provided at dining tables.

IX. A minimum percentage of existing dining tables required to be accessible not provided.

> ADAAG 226 Dining Surfaces and Work Surfaces.
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces.
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground,

and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

X. Compliant signage identifying the restroom not provided as required.

ADAAG 216 Signs.
ADAAG 216.1 General.
Signs shall be provided in accordance with 216 and shall comply with 703.
ADAAG 216.2 Designations.
Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with
703.2 and 703.5.
**Advisory 216.2 Designations.**
Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.
Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.
**ADAAG 703.1 General.**
Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.
**ADAAG 703.4.1 Height Above Finish Floor or Ground.**
Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.
**ADAAG 703.4.2 Location.**
Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

XI. Inaccessible restroom.

XII. Required minimum clear width not provided at restroom door.

    ADAAG 206 Accessible Routes.
    ADAAG 206.1 General.
    Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    ADAAG 402 Accessible Routes.
    ADAAG 402.1 General.
    Accessible routes shall comply with 402.
    ADAAG 402.2 Components.
    Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
    ADAAG 404.2.3 Clear Width.
    Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

XIII.    Required minimum maneuvering clearance not provided at restroom door.

    ADAAG 206 Accessible Routes.
    ADAAG 206.1 General.
    Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    ADAAG 402 Accessible Routes.
    ADAAG 402.1 General.
    Accessible routes shall comply with 402.
    ADAAG 402.2 Components.
    Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
    ADAAG 404.2.4 Maneuvering Clearances.
    Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

**Table 404.2.4.1**

**Maneuvering Clearances at Manual Swinging Doors and Gates**

| Type of Use | | Minimum Maneuvering Clearance | |
|---|---|---|---|
| **Approach Direction** | **Door or Gate Side** | **Perpendicular to Doorway** | **Parallel to Doorway** (beyond latch side unless noted) |
| From front | Pull | 60 inches (1525 mm) | 18 inches (455 mm) |
| From front | Push | 48 inches (1220 mm) | 0 inches (0 mm)1 |

8

| | | | |
|---|---|---|---|
| From hinge side | Pull | 60 inches (1525 mm) | 36 inches (915 mm) |
| From hinge side | Pull | 54 inches (1370 mm) | 42 inches (1065 mm) |
| From hinge side | Push | 42 inches (1065 mm)2 | 22 inches (560 mm)3 |
| From latch side | Pull | 48 inches (1220 mm)4 | 24 inches (610 mm) |
| From latch side | Push | 42 inches (1065 mm)4 | 24 inches (610 mm) |

1. Add 12 inches (305 mm) if closer and latch are provided.
2. Add 6 inches (150 mm) if closer and latch are provided.
3. Beyond hinge side.
4. Add 6 inches (150 mm) if closer is provided.

XIV. Non-compliant door knob at restroom door requires twisting of the wrist.

> ADAAG 404 Doors, Doorways, and Gates.
> ADAAG 404.1 General.
> Doors, doorways, and gates that are part of an accessible route shall comply with 404.
> ADAAG 404.2.7 Door and Gate Hardware.
> Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
> ADAAG 309.4 Operation.
> Operable parts shall be operable with one hand and shall not require tight grasping, pinching,
> or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

XV. Non-compliant door lock at restroom door requires twisting of the wrist.

> ADAAG 404 Doors, Doorways, and Gates.
> ADAAG 404.1 General.
> Doors, doorways, and gates that are part of an accessible route shall comply with 404.
> ADAAG 404.2.7 Door and Gate Hardware.
> Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
> ADAAG 309.4 Operation.
> Operable parts shall be operable with one hand and shall not require tight grasping, pinching,
> or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

XVI. Required minimum turning space not provided in restroom.

> ADAAG 603 Toilet and Bathing Rooms
> ADAAG 603.1 General.
> Toilet and bathing rooms shall comply with 603.
> ADAAG 603.2 Clearances. Clearances shall comply with 603.2.
> ADAAG 603.2.1 Turning Space.
> Turning space complying with 304 shall be provided within the room.
> ADAAG 304.3.1 Circular Space.

        The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306

XVII. Inaccessible lavatory in restroom.

XVIII. Required minimum clear floor space not provided at lavatory in restroom.

        ADAAG 606 Lavatories and Sinks.
        ADAAG 606.2 Clear Floor Space.
        A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
        ADAAG 305.3 Size.
        The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

XIX. Required minimum knee and toe clearance not provided at lavatory in restroom.

        ADAAG 606 Lavatories and Sinks.
        ADAAG 606.2 Clear Floor Space.
        A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
        ADAAG 306.2 Toe Clearance.
        ADAAG 306.2.3 Minimum Required Depth.
        Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
        ADAAG 306.2.5 Width.
        Toe clearance shall be 30 inches (760 mm) wide minimum.
        ADAAG 306.3 Knee Clearance.
        ADAAG 306.3.3 Minimum Required Depth.
        Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
        ADAAG 306.3.5 Width.
        Knee clearance shall be 30 inches (760 mm) wide minimum.

XX. Inaccessible mirror in restroom.

XXI. Non-compliant mounted height of mirror in restroom exceeds maximum height allowance.

        ADAAG 603.3 Mirrors.
        Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
        Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

XXII. Inaccessible water closet in restroom.

XXIII.     Required minimum clearance not provided at water closet in restroom.

> ADAAG 604 Water Closets and Toilet Compartments
> ADAAG 604.3 Clearance.
> Clearances around water closets and in toilet compartments shall comply with 604.3.
> ADAAG 604.3.1 Size.
> Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

XXIV.     Required grab bars not provided on rear and side walls of water closet in restroom.

> ADAAG 604 Water Closets and Toilet Compartments
> ADAAG 604.5 Grab Bars.
> Grab bars for water closets shall comply with 609.
> Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

16.     The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the ADA violations**.

17.     The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: March 29, 2024

Respectfully submitted,

s/ Jennifer E. Tucek, Esq.
Law Office of Jennifer Tucek, PC
   *Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com